IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Ramon Cooper #21759-057,  )   | C/A No. 8:15-3311-PMD-JDA |
| ) | |
| Petitioner,    )   | |
| ) | |
| vs.    ) | |
| ) **REPORT AND RECOMMENDATION** | |
| Bureau of Prisons,    ) | |
| Travis Bragg,    ) | |
| ) | |
| Respondents.    ) | |
| _____  ) | |

Andre Ramon Cooper ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  Petitioner is a federal prisoner incarcerated at FCI Bennettsville in Bennettsville, South Carolina.  He contends that the United States executive branch is currently executing his sentence illegally.[1]  The Petition should be summarily dismissed.

## **BACKGROUND**

On or about August 19, 2015, Petitioner filed this habeas action alleging that in December of 2015, he will complete his 180-month sentence of imprisonment. [Doc. 1 at 5.] He seeks an order from this Court that the supervised release term that he will be required to serve is unconstitutional.  [*Id.*]

It appears that Petitioner pled guilty to a single count of possessing a firearm following a felony conviction in the United States District Court for the Middle District of North Carolina, and, in early 2003, that court sentenced him to 180 months of imprisonment plus five years of supervised release.  [Doc. 1.] *See also* Recommendation, *Cooper v. United States*, No.

---

[1]Petitioner does <u>not</u> appear to rely on *Johnson v. United States*, 135 S. Ct. 2551 (2015).

1:02CR261-1 (M.N.C. Aug. 10, 2015), ECF No. 65. Petitioner contends that he was sentenced pursuant to the Armed Career Criminal Act based on prior convictions. [*Id.*]

Petitioner argues that there is no federal statute that permits supervised release as a form of imprisonment. [*Id.*] He seems to contend that because he is almost finished serving his 180-month sentence of imprisonment that to serve supervised release would violate the double jeopardy clause of the United States Constitution, his due process rights, separation of powers, and the Eighth Amendment. [*Id.*] Thus, he contends that the Bureau of Prisons (executive branch) will execute his sentence in an illegal manner. [*Id.*]

Petitioner alleges that he unsuccessfully filed a direct appeal. [Doc. 1.] Also, it appears that Petitioner has unsuccessfully filed several § 2255 motions to vacate his sentence in the sentencing court. *See* Recommendation, *Cooper v. United States*, No. 1:02CR261-1 (M.N.C. Aug. 10, 2015), ECF No. 65, *adopted by*, Order (Sept. 17, 2015), ECF No. 67.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v.*

*Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5; *see also Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *1 (D.S.C. May 11, 2006) (A § 2241 petition generally challenges the execution or implementation of a federal prisoner's sentence, such as "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807.[2]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction and does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); *Farrow v. Revell*, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause).

In this case, although Petitioner contends that his sentence is being illegally executed by the Bureau of Prisons, which may be a cognizable claim under § 2241, this Court disagrees. The crux of Petitioner's argument seeks to vacate a part of his sentence—the five

---

[2] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

years of supervised release. This case is not about the execution of his sentence. *See Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *4, fn.4 (D.S.C. May 11, 2006) ("This Court is not bound by Petitioner's characterization of his claims because, when considering the issue of its own jurisdiction, district courts are authorized to disregard such characterizations to avoid 'unjust manipulation or avoidance of its jurisdiction.'"). Thus, because Petitioner's claim attacks the validity of a part of his sentence, he is permitted to proceed under § 2241 only if the savings clauses is satisfied.

However, Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241.[3] Petitioner provides no factual allegations to plausibly suggest that the conduct for which he was convicted has been deemed non-criminal by any substantive law change since his direct appeal and first § 2255 motion.[4] Instead, Petitioner challenges the supervised release portion of his sentence as being unconstitutional, but he fails to point to any case that has held that supervised release is illegal. *Cf. United States v. Ward*, 770 F.3d 1090 (4th Cir. 2014) (concerning supervised release). Therefore, this case is subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

---

[3]And, Petitioner does not argue that the savings clause applies to his case.

[4]In his most recent § 2255 motion filed in the sentencing court, Petitioner argued that after *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), his conviction of felon in possession of a firearm may no longer be valid. *See* Recommendation, *Cooper v. United States*, No. 1:02CR261-1 (M.N.C. Aug. 10, 2015), ECF No. 65. The sentencing court denied his argument on the merits. *Id.*

December 10, 2015                         S/Jacquelyn D. Austin
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).